# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:25-cv-00817-DTB**                                                      Date: **July 17, 2025**

Title:  **Billy Hill v. City of San Bernardino, et al.**
==================================================================
**DOCKET ENTRY**
==================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANT(S):
         None present                                                                 None present

**PROCEEDINGS: (IN CHAMBERS) ORDER RE: CASE MANAGEMENT CONFERENCE**

    1.    The parties consented to proceed to trial before Magistrate Judge David T. Bristow.  To advance the litigation efficiently, the Court will hold a case management conference on **September 18, 2025 at 10:00 a.m.**  Judge Bristow sits in Courtroom 4, 3rd Floor, George E. Brown Jr. Federal Building and Courthouse, 3470 Twelfth Street, Riverside, California 92501.

    2.    Judge Bristow will hold the conference in person and all lead trial counsel must attend the conference.

    3.    In advance of the hearing, if the parties have not already done so, the parties will meet in person or by telephone to discuss the items listed in Federal Rules of Civil Procedure 16 and 26(f) and Local Rule of Court 26-1.  The parties may supplement their discussion by e-mail or correspondence but must have a face-to-face or telephonic discussion with each other.  If the parties have not already done so, the parties will submit a joint report of their meeting no later than fourteen (14) days before the conference. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page.  It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

a. <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.
b. <u>Subject matter jurisdiction</u>: a statement of the <u>specific</u> basis of federal jurisdiction, including supplemental jurisdiction.
c. <u>Legal issues</u>: a brief description of the <u>key legal issues</u>, including any unusual substantive, procedural, or evidentiary issues.
d. <u>Parties, evidence, etc.</u>: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.
e. <u>Damages</u>: the <u>realistic</u> range of provable damages.
f. <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.
g. <u>Motions</u>: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.
h. <u>Manual for Complex Litigation</u>: whether all or part of the procedures of the Manual for Complex Litigation should be utilized.
i. <u>Status of discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.
j. <u>Discovery plan</u>: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**, whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders. In addition to the fact discovery deadline, the parties shall also discuss and include a proposed deadline by which there shall be a substantial completion of fact discovery, particularly the production of documents and/or electronically stored information.
k. <u>Dispositive motions</u>: a description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.
l. <u>Settlement</u>: a statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**) and a statement pursuant to Local Rule 16-15.4 selecting a

    settlement mechanism under that Rule.  If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense).  The Court generally does not set settlement conferences before the presiding magistrate judge.  If the parties request a settlement conference before a Magistrate Judge, they should provide a detailed explanation of why they believe such a settlement conference would be productive <u>and</u> why a private mediator or a mediator from the Court Mediation Panel would not be effective.  No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

    m.    <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.

    n.    <u>Trial counsel</u>: the name(s) of the attorney(s) who will try the case.

    o.    <u>Independent expert</u>: whether this is a case where the Court should consider appointing an independent scientific expert.

    4.    Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.  Counsel is ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling Order, once issued.

    5.    Because the defendant has answered the complaint, the parties may exchange initial disclosures and begin discovery.  Fed. R. Civ. P. 26(a)(1)(C), (d)(1).

    6.    The parties must use the recommended timeline below and include it to the Joint Rule 26(f) Report to suggest their proposed schedule to the Court.

    7.    Lastly, if the parties timely file the Joint Rule 26(f) report in accordance with this Order, and it meets the Court's requirements, the Court may vacate the scheduled hearing and issue a final Civil Trial Scheduling Order.

**JUDGE DAVID T. BRISTOW**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
**The parties must make every effort to agree on dates or the court will set them.**

| Case No.: | Case Name: | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [ ] Jury Trial or [ ] Bench Trial **[Within 14 months after Complaint filed]** Estimated Duration: _____ Days | | | | [ ] Jury Trial [ ] Bench Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine* **[No earlier than 14 days before trial]** | | | | |
| **Event**[1] | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to **Hear** Motion to Amend Pleadings/Add Parties | | | | |
| Non-Expert Discovery Cut-Off **(No later than deadline for filing dispositive motions; this date is also the last day for discovery motions to be heard)** | 26 | | | |
| Expert Disclosure (Initial) | 24 | | | |
| Expert Disclosure (Rebuttal) | 22 | | | |
| Expert Discovery Cut-Off | 20[2] | | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select one:* [ ] 1. Magistrate Judge [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | | | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| Last Date to **Hear** Motions • Motion for Summary Judgment due at least 6 weeks before hearing • All other motions due at least 4 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 8 | | | |
| **Trial Filings (first round)** • Motions *in Limine* with Proposed Orders • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) | 3 | | | |
| **Trial Filings (second round)** • Oppositions to Motions *in Limine* • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 | | | |

---

1  The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. Class actions, patent, and ERISA cases may need to vary from the above.
2  The parties may wish to consider cutting off expert discovery prior to the deadline for filing a motion for summary judgment.

MINUTES FORM 11                                                        Initials of Deputy Clerk  RAM
CIVIL-GEN