**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:  (760) 243-9997
Fax:  (760) 843-8155

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel:  (760) 951-5850
Fax:  (760) 952-1085

*Attorneys for Plaintiff,* BILLY LEE HILL

**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Helen O. Kim, SBN 254560
hok@jones-mayer.com
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

*Attorneys for Defendant,* CITY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY LEE HILL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 5:25-cv-00817-DTB<br><br>*Assigned to*:<br>Magistrate Judge David T. Bristow<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:　　September 18, 2025<br>Time:　　10:00 a.m.<br>Crtrm:　　Courtroom 1<br>　　　　　3470 Twelfth Street<br>　　　　　Riverside, CA 92501 |

**TO THE HONORABLE COURT:**

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report. Pursuant to Federal Rule of Civil Procedure Rule 26(f) and this Court's Order, an early meeting was held between counsel, Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and James R. Touchstone and Helen O. Kim, counsel for Defendant City of San Bernardino.

### 1) STATEMENT OF THE CASE

#### i. According to Plaintiff

This is a civil rights and state tort action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful uses of force against the Plaintiff, Billy Hill. Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including Excessive Force, Unlawful Detention and Arrest, and Denial of Medical Care (Claims 1 – 3); (2) Municipal Liability— Unconstitutional Custom, Practice, or Policy, Ratification, and Failure to Train (Claims 4 – 6); (4) False Arrest and False Imprisonment; (5) Battery; (6) Negligence; (7) Violation of Cal. Civil Code § 52.1; (8) Intentional Infliction of Emotional Distress.

These claims arise from the following sequence of events: On June 6, 2024, at approximately 8:00 p.m., Mr. Hill was walking between businesses near Kwik Stop Dairy located at 133 E. 40th Street in the City of San Bernardino, California. Mr. Hill was employed by Kwik Stop Dairy at the time of the incident. Mr. Hill had committed no crime and posed no threat to any person. Mr. Hill was approached by a City of San Bernardino police officer, who cleared him and waved him to leave. Mr. Hill complied and kept walking. Moments later, Mr. Hill was approached by two additional officers, who immediately grabbed Mr. Hill, including placing pressure and restraint on his head and neck and pressing him up against the patrol car. Within

seconds, a fourth officer ran to the scene and also grabbed Mr. Hill. The officers then attempted to handcuff Mr. Hill. One of the officers deployed a Taser against Mr. Hill in dry stun mode without giving him any verbal warning that force would be used.

While Mr. Hill was restrained with an officer on each of his arms, one of the officers used his baton to viciously and brutally administer sixteen strikes to Mr. Hill's legs. The officer used both hands and used his full force while striking Mr. Hill violently sixteen times in motions like swinging a baseball bat. After the officers restrained and beat Mr. Hill, they took him to the ground and placed weight and pressure on his neck and back. At the time of the dentention, the Tasing, the baton strikes, and the restraint, Mr. Hill was unarmed and posed no threat to the safety of any person. Plaintiff contends that each of these uses of force were unnecessary, negligent, excessive, unreasonable, inappropriate, contrary to basic police training, excessive, and unjustified.

After the officers clearly injured Mr. Hill, they did not provide Mr. Hill with needed medical care, did not follow their training with regard to being a first responder and in providing medical aid, and instead increased Mr. Hill's harm, pain, suffering, and injury by forcing the handcuffed Mr. Hill onto the ground where they placed weight and pressure on his back and neck. As a result of the use of force and restraint, Mr. Hill suffered severe bone breaks to both of his legs and other serious injuries, including disfigurement, humiliation, past and future loss of earnings, past and future medical expenses, and severe emotional distress.

### ii. According to Defendants

On June 6, 2024, San Bernardino Police Officers responded to Kwik Stop Dairy in response to a possible stolen motorcycle. As soon as officers arrived, a male later identified as Billy Hill ("Plaintiff") approached the officers and immediately demanded to know why they were present. Plaintiff matched the description of the suspect provided by the reporting party. Without any prompting by the officers, Plaintiff spontaneously said that his motorcycle was parked in the lot.

Plaintiff was aggressive and hostile to the officers and said that he "[d]on't like cops, homie." Officers noticed Plaintiff exhibited objective signs of being under the influence of a controlled substance. Officers told Plaintiff he was being detained but Plaintiff backed away from the officers. Plaintiff physically resisted being detained and handcuffed and refused to comply with officers' commands.

Officer Chavez pulled out his TASER at which point Plaintiff mockingly said, "[y]ou are going to tase me?" Officer Chavez drive-stunned Plaintiff for compliance but Plaintiff grabbed the TASER and attempted to wrestle it out of the officer's hands. Plaintiff continued to resist and fight with the officers and refused to comply with officers' commands. Officer Chavez struck Plaintiff's legs with a baton until Plaintiff finally complied and got down on the ground. Plaintiff looked at the officer and said, "[y]ou're a bitch homie, I'll guarantee I'll get you back." Plaintiff continued to thrash his body on the ground and fight with officers until additional units arrived.

Plaintiff was taken to Arrowhead Regional Medical Center where he was discharged and cleared for booking.

Claims at Issue – In connection with Plaintiff's claims, which arise from an encounter between Plaintiff and San Bernardino Police Officers on June 6, 2024, Defendant City of San Bernardino denies that Defendant engaged in any unlawful acts or omissions or misconduct involving Plaintiff, and Defendant denies all liability to Plaintiff.

(i)     Counterclaims – Defendant has not made any counterclaims in the instant action.

(ii)    Affirmative Defenses – Defendant has preserved all affirmative defenses in Defendant's Answer to Plaintiff's Complaint, including, but not limited to, public entity immunity, qualified immunity, and discretionary immunity.

**2) SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United

States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**3) LEGAL ISSUES**

Based on current information, the key legal and factual issues in this case are:

i. **Plaintiff**
   1) Whether the actions and inactions by the involved officers were reasonable under the circumstances within the meaning of Fourth Amendment jurisprudence;
   2) Whether the alleged use of excessive force against Mr. Hill resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
   3) Whether the individual officer defendants unreasonably denied medical care to Mr. Hill;
   4) Whether the City of San Bernardino has unconstitutional policies, that were the cause of Mr. Hill's injuries;
   5) Whether the officer defendants had reasonable supsicion to detain and probable cause to arrest Mr. Hill;
   6) Whether the officers' uses of force were objectively reasonable under the circumstances;
   7) Whether the officers were negligent with respect to their handling of the situation, including using force against Mr. Hill and failing to deliver prompt medical care to him;

8) Whether Plaintiff is entitled to receive compensation for any damages, including whether Plaintiff is entitled to punitive damages; and

9) The nature and extent of the Plaintiff's damages, including punitive damages.

### ii. Defendant

Based on current information, Defendant contends that the legal issues in this case are whether Plaintiff's rights were violated under Federal law, and whether Defendant is entitled to immunities under Federal law.

1) Reasonable of Any Alleged Use of Force. The use of force and the reasonableness of any such force, which is disputed, affects numerous causes of action including but not limited to §1983 unreasonable and excessive force (second claim for relief) and §1983 *Monell* Liability (fifth claim for relief)

2) Legal Basis for City of San Bernardino Police Officers' Conduct. The legal basis for San Bernardino Police Officers' conduct is in dispute and affects all causes of action.

3) Immunities. The immunities afforded to Defendant is expected to be in despite.

4) Damages. The issue of damages is as follows: (a) what, if any, amount of damages Plaintiff may be entitled to receive as compensation for Plaintiff's alleged injuries; (b) what, if any, statutory penalties and fines Plaintiff is entitled to receive and the amount thereof; and (c) whether Plaintiff is entitled to punitive damages against the individually named officers and the amount thereof.

5) Entity Liability. This case presents issues of what liability, if any, can be assessed against Defendant City of San Bernardino by way of direct and/or vicarious liability.

Through discovery and upon further research, these issues, claims, or defenses may or may not be relevant, viable, or additional key legal issues may become known to counsel.

**4) PARTIES, EVIDENCE, ETC.**

The Plaintiff is Billy Hill.

The defendants are the City of San Bernardino and its invovled police officers, whose names are currently unknown to Plaintiff. Plaintiff intends to seek leave to file an amended complaint naming the involved officers.

**5) DAMAGES**

    **i.  Plaintiff**

Plaintiff seeks damages in excess of $10,000,000, including damages for his physical injuries, past and future loss of earnings, past and future medical expenses, severe emotional distress, and punitive damages. Plaintiff also seeks attorneys' fees and costs of suit.

    **ii.  Defendant**

At this stage, and with the understanding that the investigation of the claims is ongoing and continuing, Defendant cannot determine a realistic range of "provable damages," particularly given that Plaintiff is seeking a variety of general, special, and statutory damages for fees and punitive damages. Defendant alleges Plaintiff's damages are speculative and Plaintiff failed to mitigate damages. Defendant further alleges that there is no basis for liability on the part of Defendant. Defendant seeks costs including reasonable attorney fees incurred in defending this action.

**6) INSURANCE**

The City of San Bernardino is permissibly self-insured per California Government Code § 990.

**7) MOTIONS**

    **i.  Plaintiff**

Plaintiff anticipates seeking a stipulation to amend the complaint to name the

involved officers as defendants. If the Parties are unable to reach a stipulation, Plaintiff intends to file a motion to amend the complaint to name the involved officers as defendants.

Plaintiff anticipates filing motions *in limine* in this case if the case proceeds to trial.

### ii. Defendant

Defendant anticipates filing the following motions during the course of litigation: discovery motions, dispositive motions including Motion for Summary Judgment, Motion for Summary Adjudication, motion for bifurcation of trial on *Monell* and punitive damages issues, and other pre-trial and/or post-trial motions as may be appropriate. Further, Defendant anticipates filing Motions *in Limine* prior to trial to exclude evidence and theories that may be offered by Plaintiff that are not likely to be supported, or would be unduly prejudicial.

### 8) MANUAL FOR COMPLEX LITIGATION

N/A

### 9) STATUS OF DISCOVERY

The parties will exchange initial disclosures pursuant to Rule 26. Plaintiff propounded written discovery on August 27, 2025.

The parties anticipate entering into a stipulated protective order prior to conducting any discovery in order to ensure the confidential nature with respect to sensitive documents.

### 10) DISCOVERY PLAN

Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties will make initial disclosures on or before September 12, 2025. The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time. There are no anticipated issues about disclosure or discovery of electronically stored information. Counsel agree that no changes should be made as

to discovery as it is governed by law or Local Rules.

   i. **Plaintiff**

Plaintiff served a Request for Production of Documents on the City of San Bernardino on August 27, 2025. Plaintiff may propound additional written discovery on Defendants. In addition to retaining experts and conducting expert depositions at the appropriate time, Plaintiff shall depose the officers who used force against Mr. Hill and additional officers who responded to this incident.

According to Plaintiff, subjects on which discovery may be needed include: the officers' training; the officers' prior uses of force, if any, including any citizens' or internal complaints made against the involved officers; City of San Bernardino Department policies with regards to use of force complaints; Department policies with regards to when force may be used; the handling of evidence by City of San Bernardino employees; medical treatment provided to Mr. Hill on the scene of the incident; testimony of witnesses and involved officers, regarding the facts of the incident and the City's investigation into the incident.

   ii. **Defendant**

It is anticipated Defendant will propound written discovery on Plaintiff and will issue subpoenas to various third parties. Defendant will conduct the depositions of Plaintiff, third-party witnesses, and Plaintiff's designated experts.

**11)   DISPOSITIVE MOTIONS**

Defendant anticipates bringing a motion for summary judgment.

**12)   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

No settlement discussions have taken place at this time. Parties have scheduled early mediation with Richard Copeland for December 8, 2025.

**13)   TRIAL ESTIMATE**

The parties have requested trial by jury and estimate the length of the trial at approximately 5 court days after jury selection. Plaintiff and Defendant each anticipate calling approximately ten witnesses, subject to change after review of

discovery and retention of experts.

Parties propose a trial date of February 23, 2027.

### 14) TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for the Plaintiff's case.

Trial counsel for Defendant City of San Bernardino is James R. Touchstone (lead counsel) and Helen O. Kim.

### 15) INDEPENDENT EXPERT OR MASTER

Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.

### 16) TIMETABLE

Please see attached.

DATED: September 4, 2025    JONES MAYER

By: _____ James R. Touchstone _____
James R. Touchstone
Helen O. Kim
Attorneys for Defendant City of San Bernardino

DATED: September 4, 2025    LAW OFFICES OF DALE K. GALIPO

By: _____ s/ Dale K. Galipo _____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff