UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BILLY LEE HILL,<br><br>        Plaintiff,<br><br>     v.<br><br>CITY OF SAN BERNARDINO, et al.,<br><br>        Defendants. | Case No. 5:25-cv-00817-DTB<br><br>**CIVIL TRIAL SCHEDULING ORDER**<br><br>Last Day to Amend Pleadings or Add New Parties: December 11, 2025<br>Non-Expert Discovery Cut-Off: August 17, 2026<br>Deadline for Expert Disclosure: September 1, 2026<br>Deadline for Rebuttal Disclosure: September 14, 2026<br>Expert Discovery and Expert Discovery Related Motion Cut-Off: September 29, 2026<br>Last Day to Conduct Mediation: December 7, 2026<br>Last Day for Summary Judgment Motions to be Heard: December 17, 2026<br>Trial Filings (Round One): January 26, 2026<br>Trial Filings (Round Two): February 2, 2027<br>Pretrial Conference and Hearing on Pretrial Motions: **February 4, 2027** at 10:00 a.m.<br>Jury Trial: Monday, **February 16, 2027 at 8:30 a.m.**<br>Trial Estimate: **4 Days** |

This case is set for trial before the Honorable David T. Bristow, Courtroom **TBD**, United States District Court, 3470 Twelfth Street, 3rd Floor, Riverside, California.

/ / /

/ / /

1

## <u>Motions</u>

Judge Bristow hears motions in civil cases on Thursdays at 10:00 a.m. The cut-off date for hearing motions is the last day on which motions will be heard, *i.e.*, the motion must be filed at least 28 days before the deadline in accordance with the requirements of Local Civil Rule 6-1, unless otherwise ordered by the court. **A copy of every document filed must be delivered to the chambers drop box on the third floor of the United States District Court in Riverside ("the mandatory chambers copy")**. The cut-off date applies to all non-discovery motions except motions directly related to the conduct of trial, *e.g.*, motions in <u>limine</u> and motions to sever parties or bifurcate issues for trial. If a cut-off date for hearing motions has not been set by the Court, the cut-off date shall be at least twenty-one (21) days before the Pretrial Conference. All motions in limine and other trial-related motions must be properly noticed for hearing no later than the cut-off date. Absent prior court permission, each side is limited to three (3) motions in <u>limine</u> (including Daubert challenges) and each motion shall not be compound; *i.e.*, each motion shall address only one item of evidence or witness or, if common grounds for exclusion or admission apply to multiple items of evidence or witnesses, only one category of evidence or witnesses. A party seeking to make more than three motions in <u>limine</u> must request leave of court to do so. The parties are reminded that the purpose of a motion in <u>limine</u> is to make a threshold determination of the admissibility of specific evidence, not to determine the legal sufficiency of a party's claims or defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**All parties and counsel must comply with Local Rule 7-16, which provides as follows:**

> **Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing.  Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.**

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel and party.

## Discovery

Counsel shall initiate all discovery other than depositions at least forty-five (45) days prior to the cut-off date.  The Court will not approve stipulations between counsel which permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

All depositions must be completed by the discovery cut-off deadline.  Counsel shall lodge all original depositions that will be used in trial with the Courtroom Deputy Clerk on the first day of trial.

Discovery should be kept to a minimum and should focus only on issues genuinely in dispute.  Counsel are expected to resolve discovery problems without the assistance of the Court.  **The fact and expert discovery cut-off is the last date to _complete_ such discovery.  It is also the last day for _hearing_ any such discovery motion.**

If not separately set forth above, the required expert disclosures shall be made seventy (70) days before the discovery cut-off date.

/ / /

/ / /

**<u>Settlement Procedures</u>**

Local Rule 16-15 requires the parties in every case to participate in a formal settlement or Alternative Dispute Resolution ("ADR") proceeding. Counsel must complete the settlement conference or mediation by the date listed above and shall include in the proposed Pretrial Conference Order a status report detailing what procedure has been followed, and the status of settlement efforts. The following procedures are available:

> **ADR Procedure No. 1** - Unless an alternative settlement procedure has been selected by the parties, and with the concurrence of the Court, the parties shall appear before the Court for such settlement proceedings as the Court may conduct or direct.
>
> **ADR Procedure No. 2** - The parties shall appear before a neutral selected from the Court's Mediation Panel.
>
> **ADR Procedure No. 3** - The parties shall participate in a private dispute resolution proceeding.

Unless otherwise noted, the parties shall follow the "Requirements for Settlement Procedures" set forth in Local Rule 16-15.5.

If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must notify the Court, no later than the Wednesday preceding the trial date, of any settlement, so that the necessary arrangements can be made to bring in a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed that date.**

**Failure to comply with this notification requirement may result in the imposition of sanctions on counsel for one or more parties, or their clients, or both.**

/ / /

/ / /

/ / /

4

## Pretrial Conference

The Court will conduct a Pretrial Conference in this case pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-1 on the date and time listed above. Each party appearing in this action shall be represented at the Pretrial Conference and at all pretrial meetings by the lead trial counsel. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes. In rare cases where the Pretrial Conference is waived by the Court, counsel must follow Local Rule 16-11.2.

**Pretrial Filings**

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and proposed Pretrial Conference Orders in accordance with the provisions of Local Rules 16-4 through 16-7. The form of the proposed Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules.

The Memoranda of Contentions of Fact and Law shall be served not later than twenty-one (21) calendar days before the Pretrial Conference. The proposed Pretrial Conference Order shall be lodged seven (7) calendar days before the Pretrial Conference.

In drafting the proposed Pretrial Conference Order, counsel shall make a good faith effort to agree on and set forth as many uncontested facts as possible. The Court may read the uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively stated stipulations of facts will reduce the length of trial and increase the jury's understanding of the case.

In drafting the factual issues in dispute for the proposed Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should attempt to state issues

in ultimate fact form, not in the form of evidentiary fact issues (*i.e.*, "was the defendant negligent," "was such negligence the proximate cause of injury to the plaintiff," "was the plaintiff negligent;" not, "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3"). Counsel may list sub-issues under the headings of ultimate fact issues but should not use this as a device to list disputes over evidentiary matters. In general, the issues of fact should set forth the disputed elements of the claims or affirmative defenses.

Issues of law should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

If expert witnesses are to be called at trial, each party shall list and identify its respective expert witnesses. Failure of a party to list and identify an expert witness in the proposed Pretrial Conference Order shall preclude a party from calling that expert witness at trial.

**Exhibit and Witness Lists**

Counsel are to prepare their exhibits by placing them in 3-hole notebooks that are tabbed down the right side with exhibit numbers. The notebooks are to be prepared with an original for the Courtroom Deputy Clerk, which shall be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and one copy for the Court. Each notebook shall contain a list of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3. Counsel can obtain exhibit tags at the Clerk's Office, Room 134, 1st Floor, 3470 Twelfth Street, Riverside.

/ / /

/ / /

/ / /

/ / /

6

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

- The original exhibits with the Court's exhibit tags. The parties shall use yellow tags for plaintiff and blue tags for defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag.

- One bench book with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

- Three (3) copies of exhibit lists.

The exhibit lists shall be in the form indicated by the following example:

Case Title: _____    Case No: _____

| No. of Exhibit | Description | Date Identified | Date Admitted |
|---|---|---|---|
| 3 | 1/30/80 letter From Doe to Roe | | |

- Three (3) copies of witness lists in the order in which the witnesses may be called to testify.

The witness lists shall be in the form indicated by the following example:

Case Title: _____    Case No: _____

| Name of Witness to Testify | Date Called To Testify |
|---|---|
| 1. John Doe | _____ |
| 2. Jane Roe | _____ |

All counsel are to meet no later than ten (10) calendar days before trial and to stipulate to the extent possible to foundation, waiver of the best evidence rule, and which exhibits may be received into evidence at the start of trial. The exhibits to be received will be noted on the extra copies of the exhibit lists.

7

**Jury Instructions (If Applicable)**

Fourteen (14) calendar days prior to the Rule 16-2 Meeting of Counsel, counsel shall exchange proposed jury instructions and special verdict forms (if applicable).  Seven (7) calendar days prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms.  Prior to, or at the time of the Rule 16-2 meeting, counsel shall meet and confer with the goal of reaching agreement to one set of joint, undisputed jury instructions and one special verdict form.

The parties must file proposed jury instructions seven (7) calendar days before the Pretrial Conference.  As always, the parties must submit chambers copies directly to the Court.  In addition, the parties must submit electronic versions (either Word or WordPerfect format) to the Court at the following electronic mail address: DTB_Chambers@cacd.uscourts.gov.

As noted above, the parties must act jointly to submit proposed jury instructions.  The parties must submit one set of agreed upon jury instructions.  The parties must submit another set of jury instructions containing the instructions upon which the parties disagree and the objections to those instructions.

Where the parties disagree on an instruction, the party opposing the instruction must attach a short (*i.e.*, one to two paragraphs) statement supporting the objection and the party submitting the instruction must attach a short statement supporting the instruction.  Each statement should be on a separate page and should follow directly after the disputed instruction.

Accordingly, the parties ultimately will submit one document or, if the parties disagree over any proposed jury instructions, two documents.  If the parties submit two documents, those documents should consist of: (1) A set of agreed upon jury instructions and (2) a set of disputed jury instructions along with reasons supporting and opposing each disputed instruction.

The parties should make every attempt to agree upon the jury instructions before submitting them to the Court. In addition, where the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 edition) provides a version of a requested instruction, the parties should submit the Model instruction. Where California law applies, the Court prefers counsel to use *Judicial Council of California, Civil Instructions* - ("CACI"). If neither of the above sources has an instruction on the subject, counsel are directed to Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (6th ed. 2006). Each requested jury instruction shall cover only one subject or principle of law and shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the jury copy discussed, *infra*).

The Court will send a copy of the jury instructions into the jury room for use by the jury during deliberations. Accordingly, in addition to the file copies described above, the parties shall file with the Courtroom Deputy Clerk on the first day of the trial a "clean set" of joint and/or proposed jury instructions which contain only the text of each instruction set forth in full on each page, with the caption "Court's

Instruction Number ____" (eliminating titles, supporting authority, indication of party proposing, etc.). This will be referred to as the "Jury Copy" of the jury instructions.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

- The number of the instruction;
- A brief title of the instruction;
- The source of the instruction and any relevant case citations; and
- The page number of the instruction.

/ / /

/ / /

9

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

**Joint Statement of the Case (in Jury Trials)**

Counsel shall prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be longer than two or three paragraphs. The statement shall be filed with the Court seven (7) calendar days before the Pretrial Conference.

**Matters to be Discussed at the Pretrial Conference**

Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;
- any anticipated problems in scheduling witnesses;
- any evidentiary issues, including anticipated objections under Rule 403, and objections to exhibits;
- jury selection procedures;
- all pretrial motions, including motions in limine, to bifurcate and to sever;
- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;
- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and
- motions to exclude witnesses from the courtroom during trial testimony.

If counsel for any party need to arrange for the installation of its own equipment, such as video monitors, tape or compact disk players, notebooks or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no later than 4:00 p.m. two (2) days before trial so that the necessary arrangements can be made.

**Trial**

The Court sets firm trial dates. Counsel shall arrive at the Courtroom not later than 8:15 a.m. each day of trial. The Court reserves the time from 8:30 to 9:00 a.m. to handle legal and administrative matters outside the presence of the jury. The trial will commence promptly at 9:00 a.m, unless the Court determines, in consultation with the jurors, that it should start earlier. Counsel shall anticipate matters which may need discussion or hearing outside the presence of the jury and to raise them during this period.

The Court generally anticipates that the trial will proceed as follows: The Court will be in session with the jury on Mondays through Fridays, 9:00 a.m. to 4:30 p.m., with a morning and an afternoon break and a lunch recess from approximately 12:00 to 1:15 p.m. In most cases, jury selection is completed on the first morning of trial, and counsel should be prepared to give opening statements and begin presentation of evidence immediately thereafter.

All counsel are asked to observe the following practices during trial:

- All counsel, defendants, and parties shall rise when the jury enters and leaves the courtroom.
- Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions.
- When objection, counsel should state only "objection," and the legal ground for the objection (e.g., hearsay, irrelevant, etc.). Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so.
- Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness, and should question witnesses while standing at the lectern.
- Counsel must address all witnesses, including their clients, by the witness's surname. Young witnesses, *i.e.*, children younger than age 15, may be addressed by first names, however.
- Counsel shall not discuss the law or argue the case in opening statements.
- Counsel shall address all remarks to the Court, and should not directly address the Courtroom Deputy Clerk, the Court Reporter, opposing counsel or the jury (except in opening statement and closing argument).

Counsel must ask the Court for permission to talk off the record in order
to speak with opposing counsel.

- Counsel shall not make an offer of stipulation unless he or she has
  conferred with opposing counsel and believes that the stipulation will be
  accepted.  Any stipulation of fact will require the defendant's personal
  concurrence and shall be submitted to the Court in writing for approval.
- While Court is in session, counsel may not leave the counsel table to confer
  with witnesses, colleagues or assistants in the back of the courtroom unless
  the Court grants permission to do so in advance.
- When a party has more than one lawyer, only one of the lawyers may
  conduct the examination of a given witness and only that same lawyer may
  handle objections during the testimony of that witness.
- If a witness was on the stand before a recess or adjournment, counsel shall
  have the witness back on the stand and ready to proceed when Court
  resumes.
- If there is more than a brief delay between witnesses, the Court may deem
  that the party has rested.
- The Court attempts to cooperate with witnesses and will, except in
  extraordinary circumstances, accommodate them by permitting them to be
  examined out of sequence.  Counsel should discuss any scheduling issues
  with opposing counsel.  If there is an objection, confer with the Court in
  advance.

### Internet Site

Counsel are encouraged to review the Central District's website for additional
information.  The address is http://www.cacd.uscourts.gov.

Dated: September 12, 2025

DAVID T. BRISTOW
United States Magistrate Judge

12