Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

James S. Terrell, Esq. (SBN 170409)
*jim@talktoterrell.com*
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel:   (760) 951-5850
Fax:   (760) 952-1085

Sharon J. Brunner, Esq. (SBN 229931)
*sharonjbrunner@yahoo.com*
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:   (760) 243-9997
Fax:   (760) 843-8155

*Attorneys for Plaintiff*

[Additional counsel cont. on next page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY LEE HILL, | Case No. 5:25-cv-00817-DTB |
| Plaintiff, | *Assigned to*: Magistrate Judge David T. Bristow |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| CITY OF SAN BERNARDINO; and DOES 1-10, INCLUSIVE, | Action Filed: April 4, 2025 |
| Defendants. | |

[Additional counsel from previous page]

James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Helen O. Kim, SBN 254560
hok@jones-mayer.com
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant,
CITY OF SAN BERNARDINO

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

/ / /

/ / /

/ / /

/ / /

B. GOOD CAUSE STATEMENT

This action is likely to involve discovery that is confidential and privileged for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information consist of, among other things, information pertaining to the investigation from San Bernardino Police Department of the underlying activities, as well as peace officer personnel file information and/or documents which the parties agree include (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history; (3) Election of employee benefits; (4) Employee advancement, appraisal or discipline; and (5) Complaints, or investigations of complaints, if any, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties.

Additional such confidential materials and information may consist of, among other things, materials which may be entitled to privileges and/or protections under the following: United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California Penal Code §§ 832.5, 832.7 and 832.8; California Evidence Code §§ 1040 and 1043 et. seq; the Privacy Act of 1974, 5 U.S.C. § 552; Health Insurance Portability and Accountability Act of 1996 (HIPPA); the right to privacy; decisional law relating to such provisions; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Defendants also contend that such confidential materials and information are entitled to the Official Information Privilege.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. Cal.1990); see also Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. Cal. 1975). Aff'd, 426 U.S. 394, 96 S.

Ct. 3229, 48 L.Ed.2d 725 (1976).  The information otherwise may be generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. By agreeing to this stipulated protective order, Plaintiff is not conceding that the Official Information Privilege applies or that the information is protected from disclosure.

Further, discovery may require depositions, written discovery and/or the production of certain information the public disclosure of which could comprise officer safety, and/or raise security issues.  Additionally, public disclosure of such information poses a substantial risk of embarrassment, oppression, and/or physical harm to peace officers whose confidential information is disclosed.  Defendants contend that the risk of harm to peace officers is greater than with other government employees due to the nature of their profession.  The benefit of public disclosure of confidential information is minimal while the potential disadvantages are great.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

/ / /

/ / /

/ / /

2.    DEFINITIONS

2.1    <u>Action</u>:  Billy Lee Hill v. City of San Bernardino; and Does 1-20, inclusive.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

<u>2.3</u>    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>2.7</u>    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

/ / /

/ / /

4.    <u>DURATION</u>

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, <u>447 F.3d 1172, 1180-81</u> (9th Cir<u>. 2006</u>)  (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party

1  must promptly notify all other Parties that it is withdrawing the inapplicable

2  designation.

3      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided

4  in this Order (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise

5  stipulated or ordered, Disclosure or Discovery Material that qualifies for

6  protection under this Order must be clearly so designated before the material is

7  disclosed or produced.

8      Designation in conformity with this Order requires:

9      (a)  for information in documentary form (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial

11  proceedings), that the Producing Party affix, at a minimum, the legend

12  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

13  contains protected material.  If only a portion or portions of the material on a page

14  qualifies for protection, the Producing Party also must clearly identify the

15  protected portion(s) (e.g., by making appropriate markings in the margins).

16      A Party or Non-Party that makes original documents available for

17  inspection need not designate them for protection until after the inspecting Party

18  has indicated which documents it would like copied and produced.  During the

19  inspection and before the designation, all of the material made available for

20  inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

21  identified the documents it wants copied and produced, the Producing Party must

22  determine which documents, or portions thereof, qualify for protection under this

23  Order.  Then, before producing the specified documents, the Producing Party must

24  affix the "CONFIDENTIAL legend" to each page that contains Protected

25  Material.  If only a portion or portions of the material on a page qualifies for

26  protection, the Producing Party also must clearly identify the protected portion(s)

27  (e.g., by making appropriate markings in the margins).

28

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3   Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all

-9-
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  parties shall continue to afford the material in question the level of protection to
2  which it is entitled under the Producing Party's designation until the Court rules
3  on the challenge.

4        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

5        7.1    Basic Principles.  A Receiving Party may use Protected Material that
6  is disclosed or produced by another Party or by a Non-Party in connection with
7  this Action only for prosecuting, defending, or attempting to settle this Action.
8  Such Protected Material may be disclosed only to the categories of persons and
9  under the conditions described in this Order.   When the Action has been
10  terminated, a Receiving Party must comply with the provisions of section 13
11  below (FINAL DISPOSITION).

12        Protected Material must be stored and maintained by a Receiving Party at a
13  location and in a secure manner that ensures that access is limited to the persons
14  authorized under this Order.

15        7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless
16  otherwise ordered by the Court or permitted in writing by the Designating Party,
17  a Receiving Party may disclose any information or item designated
18  "CONFIDENTIAL" only to:

19        (a) the Receiving Party's Outside Counsel of Record in this Action,
20  as well as employees of said Outside Counsel of Record to whom it is reasonably
21  necessary to disclose the information for this Action;

22        (b) the officers, directors, and employees (including House Counsel)
23  of the Receiving Party to whom disclosure is reasonably necessary for this
24  Action;

25        (c) Experts (as defined in this Order) of the Receiving Party to
26  whom disclosure is reasonably necessary for this Action and who have signed the
27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28        (d) the Court and its personnel;

1      (e) court reporters and their staff;

2      (f) professional jury or trial consultants, mock jurors, and

3  Professional Vendors to whom disclosure is reasonably necessary for this Action

4  and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A);

6      (g) the author or recipient of a document containing the information

7  or a custodian or other person who otherwise possessed or knew the information;

8      (h) during their depositions, witnesses, and attorneys for witnesses,

9  in the Action to whom disclosure is reasonably necessary provided: (1) the

10  deposing party requests that the witness sign the form attached as Exhibit A

11  hereto; and (2) they will not be permitted to keep any confidential information

12  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

13  A), unless otherwise agreed by the Designating Party or ordered by the Court.

14  Pages of transcribed deposition testimony or exhibits to depositions that reveal

15  Protected Material may be separately bound by the court reporter and may not be

16  disclosed to anyone except as permitted under this Stipulated Protective Order;

17  and

18      (i) any mediator or settlement officer, and their supporting

19  personnel, mutually agreed upon by any of the parties engaged in settlement

20  discussions.

21

22      8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

23  **PRODUCED IN OTHER LITIGATION**

24      If a Party is served with a subpoena or a court order issued in other

25  litigation that compels disclosure of any information or items designated in this

26  Action as "CONFIDENTIAL," that Party must:

27      (a) promptly notify in writing the Designating Party.  Such notification

28  shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1

2    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

3    OTHERWISE PROTECTED MATERIAL

4        When a Producing Party gives notice to Receiving Parties that certain

5    inadvertently produced material is subject to a claim of privilege or other

6    protection, the obligations of the Receiving Parties are those set forth in Federal

7    Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

8    whatever procedure may be established in an e-discovery order that provides for

9    production without prior privilege review.  Pursuant to Federal Rule of Evidence

10    502(d) and (e), insofar as the parties reach an agreement on the effect of

11    disclosure of a communication or information covered by the attorney-client

12    privilege or work product protection, the parties may incorporate their agreement

13    in the stipulated protective order submitted to the Court.

14

15    12.    MISCELLANEOUS

16        12.1    Right to Further Relief.  Nothing in this Order abridges the right of

17    any person to seek its modification by the Court in the future.

18        12.2    Right to Assert Other Objections.  By stipulating to the entry of this

19    Protective Order, no Party waives any right it otherwise would have to object to

20    disclosing or producing any information or item on any ground not addressed in

21    this Stipulated Protective Order.  Similarly, no Party waives any right to object

22    on any ground to use in evidence of any of the material covered by this Protective

23    Order.

24        12.3    Filing Protected Material.  A Party that seeks to file under seal any

25    Protected Material must comply with Civil Local Rule 79-5.  Protected Material

26    may only be filed under seal pursuant to a court order authorizing the sealing of

27    the specific Protected Material at issue; good cause must be shown in the request

28    to file under seal.  If a Party's request to file Protected Material under seal is

denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[PROPOSED] STIPULATED PROTECTIVE ORDER

14.    <u>VIOLATION OF ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED: October 9, 2025            JONES MAYER

By:        *s/ James R. Touchstone*
_____
James R. Touchstone, Esq.
Helen O. Kim, Esq.
Attorneys for Defendant City of San Bernardino

DATED: October 9, 2025            LAW OFFICES OF DALE K. GALIPO

By:        *s/ Renee V. Masongsong*
_____
Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
Attorneys for Plaintiff

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED: October 10, 2025

_____
Hon. David T. Bristow
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____