EXHIBIT A

Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (Bar No. 281819)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Sharon J. Brunner, Esq. (Bar No. 229931)
sharonjbrunner@yahoo.com
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Ave., Suite 100
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

James S. Terrell, Esq. (Bar No. 170409)
LAW OFFICE OF JAMES TERRELL
jim@talktoterrell.com
15411 Anacapa Rd.
Victorville, CA 92392
Tel: (760) 951-5850 / Fax: (760) 952-1085

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BILLY HILL,

        Plaintiff,

    vs.

CITY OF SAN BERNARDINO, JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and DOES 4-10, inclusive~~CITY OF SAN BERNARDINO, and DOES 1-10, inclusive~~,

        Defendants.

Case No. 5:25-cv-00817-DTB
*Assigned to*:
Magistrate Judge David T. Bristow
~~Case No.~~

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Unlawful Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
5. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. Municipal Liability – Ratification (42 U.S.C. § 1983)
7. False Arrest/ False Imprisonment
8. Battery
9. Negligence
10. Violation of Cal. Civil Code § 52.1
11. Intentional Infliction of Emotional Distress

**DEMAND FOR JURY TRIAL**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff BILLY HILL, for his Complaint against Defendants CITY OF SAN BERNARDINO, JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and DOES 4-10and DOES 1-10, inclusive, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unlawful detention and arrest of BILLY HILL on June 6, 2024, at approximately 8:00 p.m. and the uses of excessive and unreasonable force against him on that date.

4.      HILL suffered serious bodily injury and severe emotional distress as a direct and proximate result of the actions and inactions of Defendants CITY, JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and DOES 4-10,

1  inclusive~~Defendants City of San Bernardino ("CITY") and DOES 1-10, inclusive~~.

2  Defendants CITY, JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and

3  DOES 4-10, inclusive~~Defendants CITY and DOES 1-10, inclusive,~~ are directly

4  liable for HILL'S injuries under federal law pursuant to 42 U.S.C. § 1983.

5  Defendant CITY is also vicariously liable for the acts and omissions of Defendants

6  JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and DOES 4-10~~DOES~~

7  ~~1-10~~, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

8      5.    Defendants DOES 4~~1~~-8, inclusive, caused various injuries herein

9  directly, or by integrally participating or failing to intervene in the incident, and by

10  engaging in other acts and/or omissions around the time of the incident.

11  Specifically, Defendants DOES 4~~1~~-8, inclusive, unlawfully detained at arrested

12  HILL, deployed a Taser against him, and repeatedly struck HILL with batons.

13      6.    Defendants CITY and DOES 9-10, inclusive, also caused various

14  injuries and are liable under federal law and under the principles set forth in *Monell*

15  *v. Department of Social Services*, 436 U.S. 658 (1978).

16      7.    HILL seeks compensatory and punitive damages from Defendants for

17  violating various rights under the United States Constitution in connection with the

18  use of excessive and unreasonable force.

19              **PARTIES**

20      8.    At all relevant times, Plaintiff HILL was an individual residing in San

21  Bernardino, California. HILL sues in his individual capacity. HILL seeks

22  compensatory damages under federal and state law.

23      9.    At all relevant times, Defendant CITY OF SAN BERNARDINO

24  ("CITY") is and was a municipal corporation existing under the laws of the State of

25  California.  CITY is a chartered subdivision of the State of California with the

26  capacity to be sued.  CITY is responsible for the actions, omissions, policies,

27  procedures, practices, and customs of its various agents and agencies, including the

28  San Bernardino Police Department ("SBPD") and its agents and employees.  At all

1  relevant times, Defendant CITY was responsible for assuring that the actions,

2  omissions, policies, procedures, practices, and customs of the SBPD and its

3  employees and agents complied with the laws of the United States and of the State

4  of California.  At all relevant times, CITY was the employer of Defendants DOES

5  1-10.

6       10.    Defendants DOES 4~1~-8 ("DOE OFFICERS") are, and were at the time

7  of this incident, police officers working for the SBPD.  At all relevant times, DOE

8  OFFICERS were acting under color of law within the course and scope of their

9  duties as police officers for the SBPD.  At all relevant times, DOE OFFICERS were

10  acting with the complete authority and ratification of their principal, Defendant

11  CITY.

12       11.    Defendant GABRIEL WILSON ("WILSON") is, and was at the time of

13  this incident, a police officer working for the SBPD.  At all relevant times,

14  WILSON was acting under color of law within the course and scope of his duties as

15  a police officer for the SBPD.  At all relevant times, WILSON was acting with the

16  complete authority and ratification of his principal, Defendant CITY.

17       12.    Defendant ABRAHAM JUN ("JUN") is, and was at the time of this

18  incident, a police officer working for the SBPD.  At all relevant times, JUN was

19  acting under color of law within the course and scope of his duties as a police officer

20  for the SBPD.  At all relevant times, JUN was acting with the complete authority

21  and ratification of his principal, Defendant CITY.

22       13.    Defendant JAVIER CHAVEZ ("CHAVEZ") is, and was at the time of

23  this incident, a police officer working for the SBPD.  At all relevant times,

24  CHAVEZ was acting under color of law within the course and scope of his duties as

25  a police officer for the SBPD.  At all relevant times, CHAVEZ was acting with the

26  complete authority and ratification of his principal, Defendant CITY.

27       10.

28

11.14. Defendants DOES 9-10 are, and were at the time of this incident, managerial, supervisorial, and policymaking employees of the SBPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBPD.  At all relevant times, DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

12.15. On information and belief, JUN, WILSON, CHAVEZ, and DOES 4-10 were residents of the County of San Bernardino.

13.16. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 9-10 and the CITY.

14.17. In doing the acts and failing and omitting to act as hereinafter described, Defendants JUN, WILSON, CHAVEZ, and DOES 4-10 DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

15.18. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 4-10, inclusive, are unknown to HILL, who otherwise sues these Defendants by such fictitious names.  HILL will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants are responsible in some manner for the conduct or liabilities alleged herein.

16.19. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.20. All of the acts complained of herein by HILL against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting

-4-
FIRST AMENDED COMPLAINT FOR DAMAGES

within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

~~18.~~21. All Defendants who are natural persons, including JUN, WILSON, CHAVEZ, and DOES 4-10 ~~DOES 1-10~~, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the CITY and the SBPD.

~~19.~~22. Defendant CITY is liable for the nonfeasance and malfeasance of JUN, WILSON, CHAVEZ, and DOES 4-10 ~~DOES 1-10~~, inclusive, for the state law claims herein pursuant to Cal. Govt. Code §§ 815.2(a), 815.6.  Further, JUN, WILSON, CHAVEZ, and DOES 4-10 ~~DOES 1-10~~, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Govt. Code § 820(a).

~~20.~~23. On or around August 20, 2024, HILL filed comprehensive and timely claims for damages with the City of San Bernardino pursuant to applicable sections of the California Government Code.  The claims were rejected by operation of law.

**<u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>**

~~21.~~24. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~22.~~25. On June 6, 2024, at approximately 8:00 p.m., HILL was walking between businesses near Kwik Stop Dairy located at 133 E. 40th Street in the City of San Bernardino, California.  HILL is employed by Kwik Stop Dairy.  HILL had committed no crime and posed no threat to any citizen.  HILL was approached by ~~DOE OFFICER 1,~~ a CITY officer, who cleared him and waved him to leave.  HILL complied and kept walking.  Only moments later, HILL was approached by ~~DOE~~

1    ~~OFFICER 2 and DOE OFFICER 3, both of whom~~JUN, CHAVEZ, and/or WILSON,

2    who were aggressive at the outset of the initial contact.

3        ~~23.~~26.   At this time, and all relevant times thereafter, HILL was not resisting

4    any SBPD Officer, HILL was not attempting to evade any SBPD Officer, HILL

5    never verbally threatened any person or SPBD Officer, HILL was not a threat to any

6    person or SBPD Officer, and HILL was unarmed.

7        ~~24.~~27.JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS 2 and 3~~

8    immediately grabbed HILL, including placing pressure and restraint on HILL'S

9    head and neck, and pressed him up against the patrol car. JUN, CHAVEZ, and/or

10   WILSON, ~~Within seconds, DOE OFFICER 4 ran to the scene and also grabbed~~

11   ~~HILL.  DOE OFFICERS~~ placed a handcuff on HILL'S right hand and struggled to

12   place a handcuff on HILL'S left hand.

13       ~~25.~~28.A civilian by the name of Robert Champeau took video of the incident

14   on his cell phone and can be heard on the video yelling at the SBPD officers in

15   support of HILL and telling ~~DOE OFFICERS~~the officers that HILL worked at the

16   Kwik Stop Dairy.

17       ~~26.~~29.JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICER 4 then~~ deployed a

18   Taser against HILL in dry stun mode without giving him any verbal warning that

19   force would be used.  At the time of the Taser deployment, HILL posed no threat to

20   the safety of any person, including not posing any threat to JUN, CHAVEZ, and

21   WILSON,~~DOE OFFICERS~~. The Taser deployment was unnecessary, negligent,

22   excessive, unreasonable, inappropriate, contrary to basic police training, excessive,

23   and unjustified.

24       ~~27.~~30.While HILL was restrained with ~~a DOE OFFICER~~a CITY officer on

25   each of his arms, JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICER 4~~ used his

26   baton to viciously and brutally administer sixteen strikes to HILL's legs.  JUN,

27   CHAVEZ, and/or WILSON, ~~DOE OFFICER 4~~ used both hands and used his full

28

force while striking HILL violently sixteen times in motions like swinging a baseball bat. JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICER 4~~ used these power strikes to intentionally inflict severe physical injury and damage to HILL's person. JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICER 4~~ even took a break between the tenth strike and remaining six strikes due to the physical exertion he was using to inflict injury on HILL. After JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS~~ restrained and beat HILL, they took him to the ground and placed weight and pressure on HILL's neck and back. At the time of the Tasing, the baton strikes, and the restraint, HILL posed no threat to the safety of any person, including not posing any threat to JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS~~. Each of these uses of force, including each of the baton strikes, were unnecessary, negligent, excessive, unreasonable, inappropriate, contrary to basic police training, excessive, and unjustified.

~~28.~~31. After JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS~~ clearly injured HILL, JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS~~ did not provide HILL with needed medical care, did not follow their training with regard to being a first responder and in providing medical aid, and instead increased HILL'S harm, pain, suffering, and injury by forcing the handcuffed HILL onto the ground where they placed weight and pressure on his back and neck.

~~29.~~32. JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICERS~~ were not responding to a violent crime, ~~DOE OFFICERS~~ did not have any information that HILL had ever harmed anyone, ~~DOE OFFICERS~~ did not have any information that anyone was harmed, ~~DOE OFFICERS~~ did not have any information that HILL was armed, and HILL was in fact unarmed.

~~30.~~33. As a result of the use of force and restraint against HILL, HILL suffered severe bone breaks to both of his legs and other serious injuries, including

1  disfigurement, humiliation, past and future loss of earnings, past and future medical
2  expenses, and severe emotional distress.

3      ~~31.~~34. Each of JUN, CHAVEZ, and WILSON, ~~DOE OFFICERS~~ integrally
4  participated in and failed to intervene in the uses of force against HILL, including
5  by restraining HILL while JUN, CHAVEZ, and/or WILSON, ~~DOE OFFICER 4~~ beat
6  him repeatedly, and JUN, CHAVEZ, and WILSON, ~~DOE OFFICERS~~ had a realistic
7  opportunity and responsibility to intervene.

8      ~~32.~~35. HILL seeks damages for his past and future pain and suffering
9  including: impairment, disfigurement, emotional distress related to his injuries,
10  mental anguish, embarrassment, loss of quality of life, and any medical expenses
11  under these claims.  HILL also seeks reasonable attorneys' fees and costs.

12

13              **FIRST CLAIM FOR RELIEF**
14  **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**
15      (Against Defendants JUN, CHAVEZ, WILSON, and DOE OFFICERS)

16      ~~33.~~36. HILL repeats and re-alleges each and every allegation in the prior
17  paragraphs of this Complaint with the same force and effect as if fully set forth
18  herein.

19      ~~34.~~37. When Defendants JUN, CHAVEZ, and/or WILSON ~~DOE OFFICERS~~
20  informed HILL that he was being detained, grabbed HILL, restrained him, pressed
21  him up against the patrol car, placed handcuffs on him, Tased him, and struck him
22  with batons, and forced him into a prone position on the ground, he was not free to
23  leave.

24      ~~35.~~38. HILL was not the suspect that ~~DOE OFFICERS~~ the officers were
25  looking for. ~~DOE OFFICERS~~ The officers did not observe HILL commit any crime,
26  and HILL was not engaged in any criminal activity at the time of the detention, the
27  seizure, the use of force, or the handcuffing. In addition to the detention itself being
28  unreasonable, the scope and matter of the detention was also unreasonable.

-8-

36.39. When Defendants JUN, CHAVEZ, and/or WILSON ~~DOE OFFICERS~~ engaged in the foregoing conduct, detaining HILL without reasonable suspicion and then arresting him without probable cause, they violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.40. The conduct of Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of HILL and therefore warrants the imposition of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and WILSON~~DOE OFFICERS~~.

38.41. At all relevant times, DOE OFFICERS were acting under color of state law.

39.42. As a result of their misconduct, Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ are liable for HILL's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

40.43. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life, and any past and future medical expenses related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants JUN, CHAVEZ, WILSON, and DOE OFFICERS)

41.44. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42.45. DOE OFFICERS'The unjustified restraint, Tasing and beating of HILL by JUN, CHAVEZ, and WILSON deprived HILL of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.46. The uses of force by JUN, CHAVEZ, and WILSONDOE OFFICERS, including the Taser deployment, the baton strikes, and the prone restraint, were excessive, unreasonable, unjustified, inappropriate, and contrary to basic police training. HILL posed no threat to the safety of any person during this incident, including during the use of the uses of force. HILL was unarmed during this incident, and he made no verbal threats.

44.47. In violation of basic police training and standards. JUN, CHAVEZ, and WILSON DOE OFFICERS failed to give HILL a verbal warning before deploying the Taser and beating HILL, even though it would have been feasible to do so. JUN, CHAVEZ, and WILSON DOE OFFICERS also escalated the situation when they Tased HILL.

45.48. As a result of their misconduct, Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS are liable for HILL's injuries, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.

46.49. The conduct of Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of HILL, and therefore warrants the imposition of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and WILSONDOE OFFICERS.

47.50. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants JUN, CHAVEZ, WILSON, and DOE OFFICERS)

48.51. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.52. After being struck by the Taser and beaten multiple times with police batons, HILL suffered from broken bones and was in obvious and critical need of emergency medical care and treatment.  Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS did not timely summon medical care or permit medical personnel to treat HILL.  The delay of medical care to HILL caused HILL extreme physical and emotional pain and suffering and was a contributing cause of HILL's serious physical injuries.

50.53. The denial of medical care by the defendant officers deprived HILL of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51.54. Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS knew that failure to provide timely medical treatment to HILL could result in further

significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing HILL great bodily harm and emotional distress.

52.55. The conduct of JUN, CHAVEZ, and WILSON DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of HILL and therefore warrants the imposition of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and WILSONDOE OFFICERS.

53.56. As a result of their misconduct, Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS are liable for HILL's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

54.57. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity. HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries. HILL also seeks costs and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 9-10)

55.58. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.59. Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS acted under color of law.

57.60. The acts of Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS deprived HILL of his rights under the United States Constitution.

58.61. The training policies of Defendant CITY was not adequate to train its police officers to handle the usual and recurring situations with which they must deal. This includes training with respect to: identifying the correct suspect; giving appropriate warnings and commands; the use of less-lethal and lethal force; de-escalation techniques.

59.62. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

60.63. The failure of Defendant CITY to provide adequate training caused the deprivation of HILL's rights by Defendants JUN, CHAVEZ, and WILSONDOE OFFICERS; that is, the supervisory and municipal defendants' failures to train is so closely related to the deprivation of HILL's rights as to be the moving force that caused the ultimate injury.

61.64. The following are only a few examples of cases where the CITY failed to train its officers, and the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY failed to adequately train its officers, more specifically the failure to train with regard to the use of force:

   a.    In *Castaneda v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiffs alleged that the involved SBPD officers used excessive and unreasonable force when they stopped decedent without reasonable suspicion or probable cause and shot decedent when he was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

   b.    In *Wade v. City of San Bernardino*, Case No. CV-11-09831 GHK (SPx), plaintiff alleged that the involved SBPD officer used excessive and unreasonable force when they shot the unarmed plaintiff multiple times, when he did not pose an immediate risk of death or serious bodily injury.  The

-13-

involved officer also shot six individuals within a sixteen-month period without any retraining or discipline.  Upon information and belief, the involved officer was never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

c.    In *Dockery v. City of San Bernardino*, Case No. 5:20-CV-1189, plaintiff alleged that the involved SBPD officers used excessive and unreasonable force when they shot the unarmed plaintiff in the back, when he did not pose an immediate risk of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

d.    In *Trejo v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiff alleged that defendant City officers used excessive and unreasonable force when they shot the unarmed decedent who was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

e.    In *Brown v. City of San Bernardino*, Case No. CIV-DS-1007751, plaintiff alleged that he suffered a battery and false arrest by defendant officers when they pushed him to the ground without provocation and falsely detained him on a 5150 hold.  A jury found in favor of plaintiff.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force and seizure.

f.    In *King v. City of San Bernardino*, Case No. 2:09-cv-01339-DMG-PJW, plaintiff alleged that defendant officer used excessive deadly force when he shot plaintiff nine times as plaintiff ran away with visibly empty hands and having committed no crime.  A unanimous jury found in favor of plaintiff.

Upon information and belief, the involved officer was never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

g.    In *Nash v. City of San Bernardino*, Case No. CV-09-08671-RGK (FFMx), plaintiff alleged that officers used excessive force when they used a lethal chokehold, hogtie restraint, and placed hundreds of pounds on decedent's back causing his death by restraint asphyxia. Defendants claimed that the officers used reasonable force.  A unanimous jury found that the force was unreasonable.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

~~62.~~65. Accordingly, Defendants CITY and DOES 9-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

~~63.~~66. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life, and any past and future medical expenses related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 9-10)

~~64.~~67. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65.68. Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS acted under color of law.

66.69. Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

67.70. On information and belief, Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the unlawful detention and arrest of HILL, the uses of force against HILL, the denial of medical care to HILL, or HILL's serious physical injuries.

68.71. Defendants DOES 9-10, together with other CITY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Using excessive force;

    (b)    Providing inadequate training regarding the use of deadly force;

    (c)    Making unlawful detentions and arrests;

    (d)    Employing and retaining as police officers individuals such as Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (e)    Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, including JUN, CHAVEZ, and WILSON DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(f)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(g)    Failing to adequately discipline CITY police officers, respectively, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(i)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers/deputies involved;

(j)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(k)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force.

69.72.Defendants CITY and DOES 9-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of HILL, HILL, and other individuals similarly situated.

70.73.By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 9-10, acted with intentional, reckless, and callous disregard for the life of HILL and for HILL's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 9-10,were affirmatively linked to and were a significantly influential force behind the injuries of HILL and HILL.

71.74.Based on information and belief, the following are examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior, fails to train its officers, and maintains a practice of allowing such behavior:

a. In *Castaneda v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiffs alleged that the involved SBPD officers used excessive and unreasonable force when they stopped decedent without reasonable suspicion or probable cause and shot decedent when he was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

b.  In *Wade v. City of San Bernardino*, Case No. CV-11-09831 GHK (SPx), plaintiff alleged that the involved SBPD officer used excessive and unreasonable force when they shot the unarmed plaintiff multiple times when he did not pose an immediate risk of death or serious bodily injury. The involved officer also shot six individuals within a sixteen-month period without any retraining or discipline.  Upon information and belief, the involved officer was never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

c.  In *Dockery v. City of San Bernardino*, Case No. 5:20-CV-1189, plaintiff alleged that the involved SBPD officers used excessive and unreasonable force when they shot the unarmed plaintiff in the back, when he did not pose an immediate risk of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

d.  In *Trejo v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiff alleged that defendant SBPD officers used excessive and unreasonable force when they shot the unarmed decedent who was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

e.  In *Brown v. City of San Bernardino*, Case No. CIV-DS-1007751, plaintiff alleged that he suffered a battery and false arrest by defendant officers when they pushed him to the ground without provocation and falsely detained him on a 5150 hold.  A jury found in favor of plaintiff.  Upon

information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force and seizure.

f.  In *King v. City of San Bernardino*, Case No. 2:09-cv-01339-DMG-PJW, plaintiff alleged that the defendant officer used excessive deadly force when he shot plaintiff nine times as plaintiff ran away with visibly empty hands and having committed no crime.  A unanimous jury found in favor of plaintiff.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

g.  In *Nash v. City of San Bernardino*, Case No. CV-09-08671-RGK (FFMx), plaintiff alleged that officers used excessive force when they used a lethal chokehold, hogtie restraint, and placed hundreds of pounds on decedent's back causing his death by restraint asphyxia.  Defendants claimed that the officers used reasonable force.  A unanimous jury found that the force was unreasonable.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

~~72.~~75. Accordingly, Defendants CITY and DOES 9-10, each are liable to HILL for compensatory damages under 42 U.S.C. § 1983.

~~73.~~76. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life, and any past and future medical expenses related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

## <u>SIXTH CLAIM FOR RELIEF</u>

### Municipal Liability for Ratification (42 U.S.C. §1983)

(Against Defendants CITY and DOES 9-10)

74.77. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75.78. Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS acted under color of law.

76.79. The acts of Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS deprived HILL and HILL of their particular rights under the United States Constitution.

77.80. Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force.

78.81. Upon information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS ratified the individual Defendants' acts and the bases for them. Upon information and belief, the final policymakers knew of and specifically approved of the individual Defendants' acts.

79.82. Upon information and belief, final policymakers have determined (or will determine) that the acts of Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS were "within policy."

80.83. The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior:

      a.   In *Castaneda v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiffs alleged that the involved SBPD officers used excessive and unreasonable force when they stopped decedent without reasonable suspicion

or probable cause and shot decedent when he was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

b.    In *Wade v. City of San Bernardino*, Case No. CV-11-09831 GHK (SPx), plaintiff alleged that the involved SBPD officer used excessive and unreasonable force when they shot the unarmed plaintiff multiple times, when he did not pose an immediate risk of death or serious bodily injury.  The involved officer also shot six individuals within a sixteen-month period without any retraining or discipline.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

c.    In *Dockery v. City of San Bernardino*, Case No. 5:20-CV-1189, plaintiff alleged that the involved SBPD officers used excessive and unreasonable force when they shot the unarmed plaintiff in the back, when he did not pose an immediate risk of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

d.    In *Trejo v. City of San Bernardino*, Case No. 5:17-cv-01928, plaintiff alleged that defendant City officers used excessive and unreasonable force when they shot the unarmed decedent who was not an immediate threat of death or serious bodily injury.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

e.    In *Brown v. City of San Bernardino*, Case No. CIV-DS-1007751, plaintiff alleged that he suffered a battery and false arrest by defendant officers when they pushed him to the ground without provocation and falsely detained him on a 5150 hold.  A jury found in favor of plaintiff.  Upon information and

belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force and seizure.

        f.     In *King v. City of San Bernardino*, Case No. 2:09-cv-01339-DMG-PJW, plaintiff alleged that defendant officer used excessive deadly force when he shot plaintiff nine times as plaintiff ran away with visibly empty hands and having committed no crime.  A unanimous jury found in favor of plaintiff.  Upon information and belief, the involved officer was never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

        g.     In *Nash v. City of San Bernardino*, Case No. CV-09-08671-RGK (FFMx), plaintiff alleged that officers used excessive force when they used a lethal chokehold, hogtie restraint, and placed hundreds of pounds on decedent's back causing his death by restraint asphyxia.  Defendants claimed that the officers used reasonable force.  A unanimous jury found that the force was unreasonable.  Upon information and belief, the involved officers were never disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of unreasonable force.

81.84. Accordingly, Defendants CITY and DOES 9-10 are liable to HILL for compensatory damages under 42 U.S.C. § 1983.

82.85. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life, and any past and future medical expenses related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

83.86. The conduct of Defendants DOES 9-10 was malicious, oppressive and in reckless disregard for the rights and safety of HILL and HILL and warrants the imposition of exemplary and punitive damages as to DOES 9-10.

## SEVENTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment** (survival and wrongful serious physical injuries)

(Against Defendants CITY, JUN, CHAVEZ, WILSON, and DOE OFFICERS)

84.87. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85.88. Defendants lacked reasonable suspicion to detain HILL and lacked probable cause to arrest HILL.

86.89. When Defendants JUN, CHAVEZ, and/or WILSON DOE OFFICERS informed HILL that he was being detained, grabbed HILL, restrained him, pressed him up against the patrol car, placed handcuffs on him, Tased him, and struck him with batons, he was not free to leave. In doing these actions, Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS intentionally deprived HILL of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.

87.90. HILL was not the suspect that JUN, CHAVEZ, and WILSON DOE OFFICERS were looking for. DOE OFFICERS did not observe HILL commit any crime, and HILL was not engaged in any criminal activity at the time of the detention, the seizure, the use of force, or the handcuffing. In addition to the detention itself being unreasonable, the scope and matter of the detention was also unreasonable.

88.91. The conduct of JUN, CHAVEZ, and WILSON DOE OFFICERS was a substantial factor in causing harm to HILL.

89.92. As a result of their misconduct, JUN, CHAVEZ, and WILSON DOE OFFICERS are liable for HILL's injuries, either because they were integral participants in the false arrest/false imprisonment, or because they failed to intervene to prevent these violations.

90.93. At all relevant times, JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

91.94. Defendant CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.95. The conduct of JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of HILL, entitling HILL to an award of exemplary and punitive damages as to the individual defendants.

93.96. As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries.

## EIGHTH CLAIM FOR RELIEF

### Battery

(Against Defendants CITY, JUN, CHAVEZ, WILSON, and DOE OFFICERS)

94.97. HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95.98. The uses of force by JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~, including the restraint, the Taser deployment, and the baton strikes, were excessive,

unreasonable, unjustified, inappropriate, and contrary to basic police training. HILL
posed no threat to the safety of any person during this incident, including during the
use of the uses of force.

96.99. JUN, CHAVEZ, and WILSON DOE OFFICERS failed to give HILL a
verbal warning before deploying their Tasers and beating him with batons, even
though it would have been feasible to do so.  The officers escalated the situation
when they Tased HILL.

97.100.      At all relevant times, JUN, CHAVEZ, and WILSON DOE
OFFICERS were working as police officers for the City of San Bernardino Police
Department and were acting within the course and scope of their duties as police
officers for the CITY.

98.101.      Defendant CITY is vicariously liable for the wrongful acts of
JUN, CHAVEZ, and WILSON DOE OFFICERS pursuant to section 815.2(a) of the
California Government Code, which provides that a public entity is liable for the
injuries caused by its employees within the scope of the employment if the
employee's act would subject him or her to liability.

99.102.      The conduct of DOE OFFICERS was malicious, wanton,
oppressive, and accomplished with a conscious disregard for the rights of HILL and
HILL, entitling HILL, individually and as the successors in interest to HILL, to an
award of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and
WILSON DOE OFFICERS.

100.103.    As a result of the foregoing, HILL suffered serious injuries, great
physical pain and emotional distress, and also suffered a loss of enjoyment of life
and loss of earning capacity.  HILL seeks damages for his past and future pain and
suffering including impairment, disfigurement, emotional distress, mental anguish,
embarrassment, loss of quality of life; and any past and future medical expenses
related to his injuries.  HILL also seeks costs and attorney's fees under this claim.

1

2

## **NINTH CLAIM FOR RELIEF**

3

### **Negligence**

4

(Against CITY, JUN, CHAVEZ, WILSON, and ~~and~~ DOE OFFICERS)

5

~~101.~~104.    HILL repeats and re-alleges each and every allegation in the

6

prior paragraphs of this Complaint with the same force and effect as if fully set forth

7

herein.

8

~~102.~~105.    Police officers, including JUN, CHAVEZ, and WILSON ~~DOE~~

9

~~OFFICERS~~, have a duty to use reasonable care to prevent harm or injury to others.

10

This duty includes only making lawful detentions and arrests, using appropriate

11

tactics, giving appropriate commands, giving warnings, and not using any force

12

unless necessary.

13

~~103.~~106.    The uses of force by JUN, CHAVEZ, and WILSON ~~DOE~~

14

~~OFFICERS~~, including the restraint, the Taser deployment, and the baton strikes,

15

were negligent and contrary to basic police training. HILL posed no threat to the

16

safety of any person during this incident, including during the use of the uses of

17

force.

18

~~104.~~107.    JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ negligently

19

failed to give HILL a verbal warning before deploying their Tasers and striking him

20

with batons, even though it would have been feasible to do so.  In violation of their

21

police training, the officers escalated the situation when they Tased HILL.

22

~~105.~~108.    Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~

23

breached their duty of care.  The actions and inactions of Defendants JUN,

24

CHAVEZ, and WILSON ~~DOE OFFICERS~~ were negligent and reckless, including

25

but not limited to:

26

(a)    the failure to properly and adequately assess the need to use

27

force against HILL, and negligent use of force;

28

(b)  the negligent tactics and handling of the situation with HILL, including pre-shooting negligence;

(c)  the negligent detention, negligent arrest, negligent failure to give a warning prior to using force, and the negligent use of force against HILL;

(d)  the failure to provide prompt medical care to HILL after the shooting;

(e)  the failure to properly train and supervise employees, both professional and non-professional, including JUN, CHAVEZ, and WILSON DOE OFFICERS; and

(f)  the negligent communication of information during the incident.

106.109.    At all relevant times, JUN, CHAVEZ, and WILSON DOE OFFICERS were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

107.110.    Defendant CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.111.    As a direct and proximate result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries.

### **TENTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 52.1)**

(Against CITY, JUN, CHAVEZ, WILSON, and DOE OFFICERS)

~~109.~~112.     HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~110.~~113.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against any person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.  JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ intended to interfere with HILL's constitutional rights, did successfully interfere with HILL's constitutional rights, and also acted with reckless disregard for HILL's constitutional rights.

~~111.~~114.     Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ intentionally committed and attempted to commit acts of violence against HILL.

~~112.~~115.     On information and belief, Defendants intentionally committed the above acts to discourage HILL from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

~~113.~~116.     On information and belief, HILL reasonably believed and understood that the violent acts committed by Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

~~114.~~117.     The conduct of Defendants JUN, CHAVEZ, and WILSON ~~DOE OFFICERS~~ was a substantial factor in causing HILL's harms, losses, injuries, and damages.

115.118.    At all relevant times, JUN, CHAVEZ, and WILSON DOE OFFICERS were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

116.119.    Defendant CITY is vicariously liable for the wrongful acts of JUN, CHAVEZ, and WILSON DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117.120.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for HILL's rights, justifying an award of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and WILSONDOE OFFICERS.

118.121.    As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries. HILL also seeks attorney's fees and costs under this claim pursuant to Cal. Civ. Code §52.1.

## ELEVENTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

(Against CITY, JUN, CHAVEZ, WILSON and DOE OFFICERS)

119.122.    HILL repeats and re-alleges each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-30-
FIRST AMENDED COMPLAINT FOR DAMAGES

120.123.    Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS intentionally inflicted emotional distress on HILL.  The conduct by JUN, CHAVEZ, and WILSON DOE OFFICERS' conduct alleged above—including detaining him without reasonable suspicion, arresting him without probable cause, restraining him against the patrol car, handcuffing him, Tasing him, and striking him with a baton sixteen times—was outrageous.

121.124.    In doing the above conduct, JUN, CHAVEZ, and WILSON DOE OFFICERS intended to cause HILL emotional distress.  Alternatively, JUN, CHAVEZ, and WILSON DOE OFFICERS acted with reckless disregard of the probability that HILL would suffer emotional distress when the engaged in the above conduct, including the uses of force.

122.125.    As a result of DOE OFFICERS'the conduct by JUN, CHAVEZ, and WILSON, including their uses of force against HILL, HILL suffered severe emotional distress.

123.126.    The conduct of Defendants JUN, CHAVEZ, and WILSON DOE OFFICERS was a substantial factor in causing HILL's harms, losses, injuries, and damages.

124.127.    At all relevant times, JUN, CHAVEZ, and WILSON DOE OFFICERS were working as police officers for the City of San Bernardino Police Department and were acting within the course and scope of their duties as police officers for the CITY.

125.128.    Defendant CITY is vicariously liable for the wrongful acts of JUN, CHAVEZ, and WILSON DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

126.129.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for HILL's rights, justifying an award of exemplary and punitive damages as to Defendants JUN, CHAVEZ, and WILSONDOE OFFICERS.

127.130.    As a result of the foregoing, HILL suffered serious injuries, great physical pain and emotional distress, and also suffered a loss of enjoyment of life and loss of earning capacity.  HILL seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; and any past and future medical expenses related to his injuries.

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, HILL requests entry of judgment in his favor and against

3   Defendants CITY OF SAN BERNARDINO, JAVIER CHAVEZ, ABRAHAM JUN,

4   GABRIEL WILSON and DOES 4~~1~~-10, as follows:

5           A.    For compensatory damages under federal and state law, in the

6                   amount to be proven at trial;

7           B.    For punitive damages against the individual defendants in an

8                   amount to be proven at trial;

9           C.    For interest;

10          D.    For reasonable attorneys' fees, including litigation expenses;

11          E.    For costs of suit; and

12          F.    For such further other relief as the Court may deem just, proper,

13                  and appropriate.

14

15  DATED: November 7, 2025~~October 21, 2025~~    LAW OFFICES OF DALE K. GALIPO

16                          /s/ Dale K. Galipo

17                          Dale K. Galipo
                            Renee V. Masongsong

18                          *Attorneys for Plaintiff*

19

20  DATED: November 7, 2025~~October 21, 2025~~    LAW OFFICES OF SHARON J. BRUNNER

21                          /s/ Sharon J. Brunner

22                          Sharon J. Brunner
                            *Attorneys for Plaintiff*

23

24

25  / / /

26

27

28

1

DATED: November 7, 2025October 21, 2025          LAW OFFICES OF JAMES S. TERRELL

2

/s/ James S. Terrell

3

James S. Terrell

*Attorneys for Plaintiff*

4

**DEMAND FOR JURY TRIAL**

5

HILL hereby demands a trial by jury.

6

7

DATED: November 7, 2025October 21, 2025          LAW OFFICES OF DALE K. GALIPO

8

9

s/ Dale K. Galipo

10

Dale K. Galipo

Renee V. Masongsong

11

*Attorneys for Plaintiff*

12

13

DATED: November 7, 2025October 21, 2025          LAW OFFICES OF JAMES S. TERRELL

14

s/ James S. Terrell

15

James S. Terrell

*Attorneys for Plaintiff*

16

17

18

DATED: November 7, 2025October 21, 2025          LAW OFFICES OF SHARON J. BRUNNER

19

s/ Sharon J. Brunner

20

Sharon J. Brunner

*Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES