Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Edward J. Southcott (SBN 305701)
esouthcott@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, JAVIER CHAVEZ, ABRAHAM JUN, and GABRIEL WILSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY HILL,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SAN BERNARDINO, JAVIER CHAVEZ, ABRAHAM JUN, GABRIEL WILSON and DOES 4-10, inclusive,<br><br>    Defendants. | CASE NO: 5:25-cv-00817-DTB<br><br>*Assigned to Magistrate Judge: David T. Bristow*<br><br>*Courtroom 2*<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY DEMAND**<br><br>*Final Pre-Trial Conf: February 4, 2027*<br>*Trial Date: February 26, 2027*<br><br>*Complaint Filed: April 2, 2025*<br>*FAC Filed:     November 13, 2025* |

**COMES NOW**, Defendants JAVIER CHAVEZ, ABRAHAM JUN, and GABRIEL WILSON ("Defendants") in answering Plaintiff BILLY HILL'S ("Plaintiff"), First Amended Complaint on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1.    In answering paragraphs 7, 8, 9, 11, 12, 13, 15, 17, 19, 20, 21, 23, 25, 26, 28, 32, and 35, Defendants do not have sufficient information or belief to enable

1
**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY DEMAND**

1 | them to answer said paragraphs at this time and on that basis, Defendants deny each and every allegation contained therein. Further, Defendants deny Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

2. In answering paragraphs 93, 100, 109, 118, 127, Defendants admit that they were working as police officers for the City of San Bernardino Police Department at all relevant times. Defendants otherwise deny the remainder of these paragraphs.

3. In answering paragraphs 1 and 2, Defendants admit Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendants deny the remainder of these paragraphs.

4. In answering paragraphs 5, 6, 10, 14, 16, and 18, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time as Plaintiff has not identified the DOES described therein and on that basis, Defendants deny each and every allegation contained therein. Moreover, Defendants deny any allegation of any wrongdoing or constitutional violation and further deny that Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants and further deny that Plaintiff is entitled to any recovery. As to the remainder of the paragraphs, Defendants do not have sufficient information or belief to enable them to answer the remainder of the paragraphs as pled and on that basis, Defendants deny each and every allegation contained therein.

5. These answering Defendants provide no response to paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 86, as these paragraphs were derived from claims that are not asserted against these answering Defendants.

6. In answering paragraphs 3, 4, 22, 27, 29, 30, 31, 33, 34, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 88, 89, 90, 91, 92, 94, 95, 96,

1  98, 99, 101, 102, 103, 106, 107, 108, 110, 111, 113, 114, 115, 116, 117, 119, 120, 121, 123, 124, 125, 126, 128, 129, and 130 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained therein.  Further, Defendants deny Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants and further deny that Plaintiff is entitled to any recovery.

7. In answering paragraph 105, these allegations are legal conclusions for which no response is required.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

8. In answering paragraphs 24, 36, 44, 51, 87, 97, 104, 112, and 122, Defendants reiterate and incorporate by reference their answers to those paragraphs previously contained in this answer.

9. As to Plaintiff's prayer for relief paragraphs A, B, C, D, E, and F, Defendants deny Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further deny that Plaintiff is entitled to any recovery or declaratory judgment.

## FIRST AFFIRMATIVE DEFENSE

10. All City of San Bernardino employees referenced in Plaintiff's Complaint acted in good faith, without malice, and within the scope of their duties as employees of the City of San Bernardino.  At all times pertinent to this action, the actions of the City of San Bernardino employees and contractors were reasonable, proper and legal in all respects, and not committed for any improper or unconstitutional purpose.

## SECOND AFFIRMATIVE DEFENSE

11. Any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's own wrongful acts and conduct and not by reason of any unlawful act or omission of these Defendants.  Moreover, Plaintiff failed to act in compliance with

3
**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY DEMAND**

the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff, in any capacity, in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by the Qualified Immunity Doctrine.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff willingly, voluntarily and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the operative Complaint. These Answering Defendants are not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assumed and exposed himself to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff, in any capacity, from recovering any relief from these Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

14. Any injury to Plaintiff was due to and caused by the negligence and omissions of Plaintiff to act with reasonable care, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff. Any damages awarded in this action should therefore be in direct proportion to the fault, if any, of these answering Defendants as provided by California Civil Code §§ 1431 to 1431.5.

### SIXTH AFFIRMATIVE DEFENSE

15. The damages allegedly sustained by Plaintiff which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's alleged damages which thereby relieves these

4
**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY DEMAND**

responding Defendants from liability. Any damages awarded in this action should therefore be in direct proportion to the fault of these Defendants, if any, as provided by California Civil Code §§ 1431 to 1431.5.

### SEVENTH AFFIRMATIVE DEFENSE

16. By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages, if any there were, but Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate damages and therefore Plaintiff is barred from seeking recovery of those damages.

### EIGHTH AFFIRMATIVE DEFENSE

17. The present action is not brought or maintained in good faith, and these answering Defendants consequently pray for an award of all reasonable defense costs, including attorney's fees from both Plaintiff and Plaintiff's counsel pursuant to Fed. R. Civ. P. 11, 42 U.S.C. §1988 and California Code of Civil Procedure §§ 1038 and/or 128.7.

### NINTH AFFIRMATIVE DEFENSE

18. These Answering Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff, or any duties owed to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

19. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

### TWELFTH AFFIRMATIVE DEFENSE

21. Plaintiff's suit is barred by the doctrine of laches and/or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. Defendants allege that none of the claims or causes of action of Plaintiff's First Amended Complaint state facts sufficient to constitute a claim against said Defendants for damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff fails to state a cause of action against these answering Defendants for punitive damages in that punitive damages violate these Defendants' due process of law rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. These answering Defendants were, at all pertinent times, duly qualified, appointed, and acting as peace officers of the State of California and, at all times therein mentioned, they were engaged in the performance of their regularly assigned duties as peace officers.

## SIXTEENTH AFFIRMATIVE DEFENSE

25. These answering Defendants were not deliberately indifferent to Plaintiff's constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the principles expressed in Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002), requiring personal participation for liability under 42 U.S.C. § 1983.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27. Defendants' actions herein were all pursuant to legitimate penal interests.

## NINTEENTH AFFIRMATIVE DEFENSE

28. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 820.

**TWENTIETH AFFIRMATIVE DEFENSE**

29. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 820.2.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 820.4.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

31. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 820.6.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

32. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 820.8.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

33. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 821.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

34. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 821.6.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

35. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 822.2.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

36. The force used on Plaintiff was only that amount of force justified pursuant to California Civil Code §50.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

37. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 845.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

38. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 845.6.

**THIRTIETH AFFIRMATIVE DEFENSE**

39. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code § 845.8.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

40. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 340, 342, and 343, and/or California Government Code §§ 911.2, 945.4, 945.6 and/or 950.2.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

41. Defendants allege that Plaintiff's claims are barred by the provisions of California Government Code §§ 910, et seq. Specifically, Plaintiff has failed to properly comply with pertinent claim procedures and did not timely submit a Tort Claim with the City of San Bernardino. Moreover, Plaintiff's operative Complaint improperly varies from the contents of their governmental claims, if any.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

42. Defendants allege that Plaintiff received "collateral source payments" as set forth in California Government Code §985 and that the verdict, if any, must be reduced accordingly.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims are barred because Plaintiff failed to exhaust available and/or required administrative and/or judicial remedies, including those required by statute, or did not exhaust those remedies in a timely manner as required by law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

44. Even if these answering Defendants are determined to have been

1  negligent, they are not liable to Plaintiff because the negligence of other Defendants
2  or third parties was the cause of Plaintiff's injuries under the doctrine of alternative
3  causation.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

45.  The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others.  Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff's resistance or threatened resistance.  Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Plaintiff's detention and/or arrest, or to prevent Plaintiff escape or to overcome his resistance.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

46.  Plaintiff's claims are barred by the provisions of California Penal Code §834.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

47.  Plaintiff's claims are barred by the provisions of California Penal Code §834a.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

48.  Plaintiff's claims are barred by the provisions of California Penal Code §835.

**FORTIETH AFFIRMATIVE DEFENSE**

49.  Plaintiff's claims are barred by the provisions of California Penal Code §835a.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

50.   Plaintiff's claims are barred by the provisions of California Penal Code §836.5.

51.

### FORTY-SECOND AFFIRMATIVE DEFENSE

52. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Plaintiff at all times pertinent to this action.

### FORTY-THIRD AFFIRMATIVE DEFENSE

53. Plaintiff's damages claims are barred by the provisions of California Civil Code §3333.3.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

54. Liability of these Defendants, if any, for non-economic damages is limited to Defendants' proportionate share of fault in accordance with California Civil Code § 1431.2.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in whole or in part, by Plaintiff's willful misconduct.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

56. This action is barred by principles of public policy. See, Susag v. City of Lake Forest, 94 Cal.App.4th 1401, 1412 (2002) ("[C]ourts will not assist the participant in an illegal act who seeks to profit from the act's commission."); see also, Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264 (1946) (The justice system should not "enable the wrongdoer to profit by his wrongdoing"); Dart Industries, Inc. v. Liberty Mut. Ins. Co., 484 F.2d 1295, 1298 (9th Cir. 1973) ("[T]he wrongdoer as a matter of public policy should not profit from his own wrong.").

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

57. Defendants are not liable for any alleged injuries suffered by Plaintiff allegedly stemming from Defendants' or its agents or employees' acts or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Defendants and/or third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by these

answering Defendants.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

58. Because Plaintiff's Complaint is couched in conclusory terms, these Answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants pray that Plaintiff take nothing by way of the First Amended Complaint and that Defendants herein recovers their attorneys' fees, costs and such other and further relief as the Court may deem just and proper.

DATED: December 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants, JAVIER CHAVEZ, ABRAHAM JUN and GABRIEL WILSON

## DEMAND FOR A JURY TRIAL

**PLEASE TAKE NOTICE** that Defendants hereby demand a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: December 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**EDWARD J. SOUTHCOTT**
Attorneys for Defendants, JAVIER CHAVEZ, ABRAHAM JUN and GABRIEL WILSON

---

12
**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY DEMAND**